1  Jordan L. Lurie (SBN 130013)
2  Jordan.Lurie@capstonelawyers.com
   David L. Cheng (SBN 240926)
3  David.Cheng@capstonelawyers.com
4  Sharon Yaacobi (SBN 280760)
   Sharon.Yaacobi@capstonelawyers.com
5  Arvin Ratanavongse (SBN 257619)
6  Arvin.Ratanavongse@capstonelawyers.com
   Capstone Law APC
7  1840 Century Park East, Suite 450
8  Los Angeles, California 90067
   Telephone:  (310) 556-4811
9  Facsimile:  (310) 943-0396

10 Attorneys for Plaintiff Jackie Howarth

11

12              UNITED STATES DISTRICT COURT

13     CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION

14 JACKIE HOWARTH, individually,       Case No.:
   and on behalf of other members of   ED CV 13-00754 SJO (SPx)
15 the general public similarly situated,
                                        CLASS ACTION COMPLAINT
16              Plaintiff,
                                        (1)  Violation of Unfair Competition
17      vs.                                  Law (Cal. Business & Professions
                                             Code §§ 17500, et seq.);
18 GRACO CHILDREN'S PRODUCTS         (2)  Violation of the Consumers Legal
   INC., a Delaware corporation;          Remedies Act (Cal. Civil Code
19 NEWELL RUBBERMAID INC., a              §§ 1750, et seq.);
   Delaware corporation,             (3)  Breach of Implied Warranty (Song
20                                        Beverly Consumer Warranty Act,
                Defendants.                Cal. Civil Code §§ 1792 and
21                                         1791.1, et seq.);
                                     (4)  Breach of Express Warranty under
22                                        Cal. Com. Code § 2313;
                                     (5)  Breach of Implied Warranty of
23                                        Merchantability (UCC);
                                     (6)  Breach of Implied Warranty
24                                        Pursuant to Magnuson-Moss
                                          Warranty Act (15 U.S.C. §2301);
25                                        and
                                     (7)  Violation of Unfair Competition
26                                        Law (Cal. Business & Professions
                                          Code §§ 17200, et seq.).
27
                                     **Jury Trial Demanded**
28

                          CLASS ACTION COMPLAINT

Plaintiff Jackie Howarth ("Plaintiff") individually and on behalf of all others similarly situated, brings this action for damages and injunctive relief against Defendants Graco Children's Products Inc. and Newell Rubbermaid Inc. (collectively, "Defendants"), and states:

## INTRODUCTORY STATEMENT

1.    Plaintiff brings this action individually and on behalf of all other similarly situated California and nationwide consumers ("Class Members") who purchased, within the applicable statutes of limitations period, a Graco car seat manufactured between January 1, 2009 and October 2012 that was equipped with a "Signature Buckle" (referred to herein as the "class car seats" or "the products"). These class car seats include, without limitation, any of the following models:

(a)    Nautilus;

(b)    Nautilus Elite;

(c)    Argos 70;

(d)    MyRide 65;

(e)    MyRide 65 with Safety Surround;

(f)    MyRide 70;

(g)    Comfort Sport;

(h)    Classic Ride 50;

(i)    Size4Me;

(j)    Step 2;

(k)    CozyCline;

(l)    SmartSeat;

(m)    Snugride;

(n)    Snugride 30;

(o)    Snugride 32;

(p)    Snugride 35;

      (q)     Step 1 Safe Seat; and

      (r)     Snugride Click Connect 40.

2.     This action concerns the advertisement and sale of defective child car seats by Defendants under the Graco brand name.  The class car seats are defective in that the harness buckle which is a component of the car seats (the "Signature Buckle") is either unreasonably difficult to unlatch, or simply will not unlatch.  Numerous consumers have reported that they had to either struggle excessively to unlatch their child from the class car seats, had to cut the harness in order to remove their child from the car seats, had to manipulate their child out of the car seat while the harness was still buckled, or simply stopped using the car seat because it would not unbuckle.

3.     The alleged defect includes the inability of the buckles to de-latch, even when dirty.   Reasonable consumers expect that childrens' car seats will get dirty and that even if some dirt accumulates in the latch, the buckles will open. To the extent that Defendants contend that the buckle malfunction is due to foreign material accumulating in the buckle and consumers' failures to clean the buckle apparatus, Defendants failed to disclose, adequately or at all, material information regarding the necessary cleaning procedures for the car seats.

4.     Through print, product package, internet, and other forms of advertising, Defendants have warranted and promised the class car seats as free from defects and suitable for their intended use.  Moreover Defendants have advertised one feature of the class car seats as follows: the "5-point, front-adjust harness helps you get baby in and out."

5.     However, Defendants knew or should have known that the class car seats had one or more design and/or manufacturing defects which result in the failure of the harness buckle to operate as intended.  The defects impede the ability of, or otherwise prevent, the safe and timely removal of the child from the car seat.

6.     The defects pose an unreasonable safety hazard to consumers and/or their children because in the event of a vehicle accident it may be imperative to remove the child from the seat belt as quickly as possible to avoid further injury or death.  According to the National Highway Transportation Safety Administration, "[c]ar crashes are the number one killer of children 1 to 12 years old in the United States."  Moreover, for other reasons, it may be imperative to remove the child from the car seat to avoid injury or death such as if the car becomes submerged in water, if the car is on fire, or if the child is suffering a medical emergency that necessitates quick removal from the car seat.

7.     Defendants knew or should have known about the defects.  Despite Defendants' knowledge that their car seats were defective, Defendants sold and continued to sell their car seats to unwitting consumers, including Plaintiff and Class Members, who have relied on Defendants' advertising in deciding whether to purchase, or pay a premium price for, the class car seats.  Despite the class car seats being defective, Defendants have failed and continue to fail to refund Plaintiff and Class Members' purchases of the class car seats, all to Defendants' profit and at the expense of innocent consumers.

8.     Because Defendants will not notify Class Members that the class car seats are defective, Plaintiff and Class Members and/or their children are subjected to dangerous conditions.

9.     Defendants knew about and concealed the defects in every class car seat, along with the attendant dangerous safety hazards, from Plaintiff and Class Members, at the time of sale and thereafter.  In fact, instead of repairing the defects in the class car seats, Defendants refused to acknowledge their existence.

10.    If Plaintiff and Class Members knew about these defects at the time of sale, Plaintiff and Class Members would not have purchased the class car seats or would have paid less for them.

11.    Defendants' unfair and deceptive business practices have caused

CLASS ACTION COMPLAINT

1 | Plaintiff and other consumers to spend millions of dollars on the purchase and/or

2 | premium price for the class car seats, which they would otherwise not have

3 | spent, had they known that the class car seats were defective.  Plaintiff, on behalf

4 | of herself and all other similarly situated persons, seeks actual and/or

5 | compensatory damages, restitution and equitable relief, costs and expenses of

6 | litigation, attorneys' fees, and all other available relief for Plaintiff and all other

7 | members of the class described more fully below.

8 | ### THE PARTIES

9 | 12.    Plaintiff JACKIE HOWARTH is a resident of Riverside, California,

10 | in Riverside County.

11 | 13.    Defendant GRACO CHILDREN'S PRODUCTS INC., was and is,

12 | upon information and belief, a Delaware limited liability company with its

13 | principal place of business in the State of Georgia.  At all times hereinafter

14 | mentioned a retailer, manufacturer, and/or seller of products in this county, the

15 | State of California, and the various states of the United States of America.

16 | 14.    Defendant NEWELL RUBBERMAID INC., was and is, upon

17 | information and belief, a Delaware limited liability company with its principal

18 | place of business in the State of Georgia.  At all times hereinafter mentioned a

19 | retailer, manufacturer, and/or seller of products in this county, the State of

20 | California, and the various states of the United States of America.

21 | 15.    Plaintiff is informed and believes, and thereon alleges, that each and

22 | all of the acts and omissions alleged herein were performed by, or are

23 | attributable to, Defendants, each acting as the agent for the other, with legal

24 | authority to act on the others' behalf.  The acts of any and all Defendants were in

25 | accordance with, and represent, the official policy of Defendants.

26 | 16.    Plaintiff is informed and believes, and thereon alleges, that each of

27 | said Defendants is in some manner intentionally, negligently, or otherwise

28 | responsible for the acts, omissions, occurrences, and transactions of each and all

1   the other Defendants in proximately causing the damages herein alleged.

2        17.   At all relevant times, Defendants, and each of them, ratified each

3   and every act or omission complained of herein.  At all relevant times,

4   Defendants, and each of them, aided and abetted the acts and omissions as

5   alleged herein.

6                     **JURISDICTION AND VENUE**

7        18.   This Court has jurisdiction over this action under 28 U.S.C. §

8   1332(d).  The aggregated claims of the individual Class Members exceed the

9   sum or value of $5,000,000, exclusive of interests and costs, and this is a class

10  action in which more than two-thirds of the proposed plaintiff class, on the one

11  hand, and Defendants, on the other hand, are citizens of different states.

12       19.   This Court has jurisdiction over all Defendants because they are

13  registered to conduct business in California, have sufficient minimum contacts in

14  California, or otherwise intentionally avail themselves of the California market

15  through the promotion, sale, marketing and distribution of their products so as to

16  render the exercise of jurisdiction over them by the California courts consistent

17  with traditional notions of fair play and substantial justice.  Moreover,

18  Defendants' wrongful conduct (as described herein) foreseeably affects

19  consumers in California.

20       20.   Venue is proper in this Court because, upon information and belief,

21  Defendants reside, transact business, or have offices in this district and the acts

22  and omissions alleged herein took place in this district.

23       21.   Defendants, through their business of promoting, selling, marketing

24  and distributing the class car seats, have established sufficient contacts in this

25  district.

26       22.   In addition, a substantial part of the events or omissions giving rise

27  to these claims and a substantial part of the property that is the subject of this

28  action are in this district.  Plaintiff's Declaration, as required under California

1   Civil Code section 1780(d) but not pursuant to *Erie* and federal procedural rules,

2   which reflects that a substantial part of the events or omissions giving rise to the

3   claims alleged herein occurred, or a substantial part of property that is the subject

4   of this action, is situated in this district, is attached as Exhibit A.

5           23.    Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §

6   1391(a).

7                              **FACTUAL ALLEGATIONS**

8           24.    Defendant NEWELL RUBBERMAID, INC. is the parent

9   corporation of GRACO CHILDREN'S PRODUCTS INC., and describes itself as

10  a global marketer of consumer and commercial products that touch the lives of

11  people where they work, live and play.  The Company's products are marketed

12  under a strong portfolio of brands, including Rubbermaid®, Graco®, Aprica®,

13  Levolor®, Calphalon®, Goody®, Sharpie®, Paper Mate®, Dymo®, Parker®,

14  Waterman®, Irwin® and Lenox®. The Company's multi-product offering

15  consists of well-known, name-brand consumer and commercial products in three

16  business segments: Home & Family; Office Products; and Tools, Hardware &

17  Commercial Products.

18          25.    GRACO CHILDREN'S PRODUCTS INC. ("Graco") was formed in

19  Philadelphia, Pennsylvania, in 1942, as "Graco Metal Products."  Over a decade

20  later they produced their first infant product, the "Graco Swingomatic" which

21  enjoyed huge commercial success and established Graco as a household name.

22  As Graco grew, they expanded their product line to include car seats.

23          26.    Today, Graco makes a variety of products for infants and toddlers

24  including car seats, strollers, play yards, highchairs, and monitors. Graco sells its

25  products online and via other online and store retailers such as Amazon, Babies

26  'R' Us, and Target.

27          27.    Defendants sell dozens of different car seat models including the

28  "Smart Seat," "Argos," "My Ride," and "Nautilus" lines.

28.   This action concerns all car seats sold by Defendants under the Graco brand name which use a particular seat harness buckle called the "Signature Buckle."

29.   A picture depicting the "Signature Buckle" which is a component of every class car seat is depicted below (not actual size):



30.   Graco used the Signature Buckle for the model car seats alleged during the Class Period and at least from 2009-2012.  On information and belief, Defendants sold millions of car seats with the Signature Buckles nationwide during the Class Period.

31.   Through print, product packaging, internet, and other forms of advertising, Defendants have warranted and promised the class car seats as free from defects and suitable for their intended use.  Moreover, Defendants have advertised one feature of the car seats as follows: the "5-point, front-adjust harness helps you get baby in and out."

32.   However, Defendants knew or should have known that the class car seats had one or more design and/or manufacturing defects which result in the failure of the harness buckle to operate as intended.  The defects impede the

ability of, or otherwise prevent, the safe and timely removal of the child from the car seat.

33.    By October 15, 2012, the Office of Defects Investigation of the National Highway Traffic Safety Administration ("ODI") opened an investigation of the class car seats at issue in this complaint as a result of consumer complaints that the harness buckles were unreasonably difficult to unlatch, or not able to be unlatched at all.

34.    ODI initiated an investigation because it had received 25 reports from consumers alleging difficulty in opening the harness buckles in 2009-2011 Graco My Ride and Nautilus child seats.  Nine of the complainants could not unlatch the buckle at all.  Three complainants had to cut the harness to remove their children, and the other six managed to remove their children by pulling them through the still buckled harness.   After evaluating additional complaints with other Graco car seat models, ODI expanded the investigation to include all Graco car seats equipped with the same model buckles as the My Ride and Nautilus.

35.    Through testing, research, complaints and the ODI investigation, among other things, Defendants knew or should have known that the class car seats were defective because their harness buckles do not work as intended and impede the ability of, or otherwise prevent, the safe and timely removal of the child from the car seat.

36.    Hundreds, if not thousands, of purchasers of the class car seats have experienced these unbuckling problems.  Complaints filed by consumers with the National Highway Traffic Safety Administration ("NHTSA") demonstrate that the defect is widespread and dangerous.  The complaints also indicate Defendants' awareness of the problems.  The following are some safety complaints relating to the car seats (spelling and grammar mistakes remain as found in the original, bolded for emphasis):

| Date of Incident | Summary |
| --- | --- |
| April 8, 2012 | 1. NO EVENTS LED UP TO THE FAILURE, OTHER THAN NORMAL USE. 2. FAILURE OF HARNESS BUCKLE OF GRACO MYRIDE 65. **BUCKLE CANNOT BE RELEASED, LEAVING YOUR CHILD STUCK IN THE SEAT.** TODAY, 4/8/2012, **I HAD TO ATTEMPT TO USE PLIERS TO RELEASE THE HARNESS BUCKLE TO REMOVE MY CHILD FROM THE SEAT.** THIS DID NOT WORK SO I HAD TO GENTLY LIFT HIS LEG THROUGH THE BELT AFTER RELEASING THE CHEST HARNESS. 3. SENT MESSAGE TO GRACO REPORTING THIS FAILURE. THE CAR SEAT CANNOT BE USED AT THIS TIME. THE **HARNESS BUCKLE IS STILL JAMMED AND CANNOT BE RELEASED.** *TR |
| April 5, 2012 | MY SON WAS STUCK IN HIS GRACO MYRIDE 65 CAR SEAT. IT HAPPENED OUT OF THE BLUE. **HAD TO BE CUT OUT OF THE CHILD SEAT. THE HARNESS BUCKLE WOULD NOT RELEASE.** BOTH ME AND MY HUSBAND TRIED TO GET BUCKLE TO RELEASE. WE HAD TO IMMEDIATELY PURCHASE A NEW CAR SEAT. *TR |
| October 2, 2011 | WE HAVE A GRACO MY RIDE 65 CONVERTIBLE CAR SEAT (MODEL 1770670) ON WHICH WE HAVE HAD TROUBLE WITH THE CENTER BUCKLE MECHANISM. ON THE DAY INDICATED, WE |

| Date of Incident | Summary |
|---|---|
| | ATTEMPTED TO REMOVE OUR 20-MONTH OLD SON FROM THE SEAT, AND **THE CENTER RED RELEASE BUTTON WOULD NOT DEPRESS NO MATTER HOW MANY ATTEMPTS OR HOW HARD WE TRIED.** WE TRIED WIGGLING THE BUCKLE WHILE DEPRESSING, BUT NOTHING WORKED. WE THOUGHT WE WERE GOING TO HAVE TO CUT THE BELT MATERIAL TO GET HIM OUT, BUT WE FIGURED OUT A WAY TO UNHINGE THE BELT MATERIAL FROM THE REAR OF THE SEAT TO LOOSEN IT ENOUGH TO REMOVE OUR SON. **MY BIGGEST CONCERN IS THAT IF THIS HAPPENS DURING AN EMERGENCY WHERE WE NEED TO GET HIM OUT QUICKLY, WE WON'T BE ABLE TO WITHOUT CUTTING THE BELT MATERIAL.** I REPORTED THE INCIDENT TO GRACO THIS MORNING, AND THEY ARE GOING TO REFUND COST OF THE SEAT UPON THE RETURN OF THE DEFECTIVE CAR SEAT. *TR |
| July 6, 2011 | OUR GRACO MYRIDE 65 CARSEAT HAS A STICKY CROTCH BUCKLE THAT IS **VERY DIFFICULT TO UNDO** AT SOME TIMES. **IT WAS STUCK SO BADLY AT ONE POINT, I THOUGHT WE WERE GOING TO HAVE TO CUT THE STRAPS TO GET MY SON OUT OF THE SEAT. THIS ISSUE OCCURS ALMOST EVERY TIME WE USE THE SEAT.** |

| Date of Incident | Summary |
|---|---|
| | SOMETIMES THE STICKING IS WORSE THAN AT OTHER TIMES.  **WE HAVE CLEANED THE BUCKLE PER THE INSTRUCTIONS IN OUR OWNER'S MANUAL AND IT HAS NOT HELPED** WITH THE ISSUE. I HAVE ALSO CONTACTED GRACO CUSTOMER SERVICE AND WAS TOLD THAT THE BUCKLE IS NOT REPLACEABLE AND WAS OFFERED $40 TOWARDS THE PURCHASE OF A NEW CARSEAT, AS MY SEAT IS OUT OF THEIR ONE YEAR WARRANTY WINDOW. I WORRY THAT THE BUCKLE COULD FAIL IN THE EVENT OF AN ACCIDENT AND ONLY USE THE SEAT WHEN I ABSOLUTELY HAVE TO. *TR |
| April 1, 2011 | I HAVE A GRACO MYRIDE 65 CARSEAT FOR MY CHILD. MODEL # 1756268, DOM 080409. RECENTLY THE CROTCH **BUCKLE HAS BEGUN TO STICK, NOT ALLOWING THE STRAPS TO BE RELEASED**. IT DOES NOT HAPPEN EVERY TIME THE SEAT IS USED, BUT IT IS BECOMING MORE FREQUENT. I HAVE EMAILED GRACO, BUT HAVE NOT GOTTEN A RESPONSE YET. *KB |
| June 14, 2011 | MY SON'S GRACO MYRIDE 65 **WILL NOT UNLATCH AT THE CROTCH BUCKLE.**  IT BEGAN STICKING A LITTLE ABOUT TWO WEEKS AGO. **LAST SATURDAY, IT WAS STUCK SO FIRMLY THAT I COULD NOT UNDO IT AT ALL.**  MY |

CLASS ACTION COMPLAINT

| Date of Incident | Summary |
|---|---|
| | HUSBAND HAD TO COME RIP IT OUT WITH ALL HIS STRENGTH. IT CONTINUES TO STICK AND BE VERY DIFFICULT TO UNLATCH. I CALLED THE COMPANY AND THEY ARE SENDING A RETURN LABEL AND I WILL SHIP THE WHOLE CAR SEAT BACK TO THEM AS IT IS A "NON-REPLACEABLE" PART. WHEN IT IS PICKED UP, I WILL CALL THEM AND THEY WILL SEND A NEW MYRIDE. I AM HAPPY THEY ARE REPLACING THE SEAT, BUT I REALLY WISH I WAS NOT WITHOUT A SEAT FOR MY SON FOR SEVERAL DAYS. *TR |
| April 18, 2011 | MY SON'S GRACO MYRIDE 65 HAS HAD NUMEROUS ISSUES. ALMOST A YEAR AGO I HAD TO CALL AND THEY SENT OUT A REPLACEMENT BUCKLE SINCE THE ONE ON MY SON'S SEAT **WAS STICKING** AND TAKING ABOUT 5 MINUTES OF FIDDLING TO BE UNBUCKLED TO GET MY SON OUT. THIS PAST WEEKEND I PUT MY SON IN IT AND **THE BUCKLE COMPLETELY LOCKED UP.** I HAD TO UNTHREAD THE HARNESS TO GET HIM OUT. I CALLED GRACO AND THEY ARE REPLACING HIS SEAT FOR ME. *TR |
| May 10, 2012 | CPSC#X1260056A. GRACO NAUTILUS. CONSUMER STATED THE LATCH ON THE CAR SEAT **WOULD NOT UNLATCH**. SHE STATED **THE LATCH HAD TO BE CUT, IN ORDER TO RELEASE THE CHILD.** |

| Date of Incident | Summary |
|---|---|
|  | *LN |
| June 27, 2012 | 1. **THE 5 POINT HARNESS BEGAN TO STICK A BIT A FEW WEEKS BACK MAKING IT DIFFICUT TO OPEN TO GET MY CHILD OUT OF THE SEAT.** ALSO, IT WOULD SOMETIMES POP OPEN WHILE I WAS DRIVING. 2. TODAY, MY **HUSBAND HAD TO CUT MY 2 1/2 YEAR OLD OUT OF HIS CAR SEAT BECAUSE HE WAS TRAPPED IN THE HARNESS THAT WOULD NOT OPEN.** 3. WE CONTACTED GRACO AND REQUESTED A REFUND. *TR |
| March 8, 2012 | GRACO BECKETT CHILD SEAT **THE LATCH THAT THE SHOULDER STRAPS HOOKS INTO GETS STUCK AND UNABLE TO FREE CHILD** WHEN PUSHING BUTTON. I CARRY PLIERS IN THE CAR TO HELP GET IT UNSTUCK AND EVEN THAT IT IS HARD. IT OCCURS DAILY I CALLED THE COMPANY AND THEY SAID THAT THEY WILL SEND REPLACEMENT PARTS, IT HAS BEEN OVER A MONTH AND STILL NOTHING RECEIVED. I FIND IT VERY BAD IF I WAS IN AN ACCIDENT I OR SOMEONE ELSE HELPING WOULD BE UNABLE TO GET CHILD OUT IN A TIMELY MANNER DUE TO LATCH ERRORS. *TR |
| April 5, 2012 | GRACO CARSEAT THAT WAS PURCHASED IN DECEMBER, 2011 (NEW). **UNABLE TO RELEASE BUCKLE ON THE 5 PT HARNESS.** CHILD HAD TO |

| Date of Incident | Summary |
|---|---|
| | BE REMOVED BY UNBUCKLING CHEST HARNESS AND LOOSENING SHOULDER STRAPS. *TR |
| November 18, 2011 | TL* THE CONTACT OWNS A 2009 GRACO NAUTILUS CHILD RESTRAINT SEAT, MODEL NUMBER 8J00VRV, MANUFACTURED ON APRIL 27, 2009 (N/A). THE CHILD SEAT WAS BEING UTILIZED IN A 2006 DODGE CARAVAN. THE CONTACT NOTICED THAT WHENEVER THE CHILD WAS POSITIONED IN THE CONVERTIBLE BOOSTER SEAT, THE **HARNESS BUCKLE FAILED TO OPEN OR UNLATCH** UNTIL AFTER SEVERAL ATTEMPTS WERE MADE. THE CHILD RESTRAINT SEAT WAS INSTALLED USING THE LATCH SYSTEM. THE CONTACT PLANNED TO NOTIFY THE MANUFACTURER OF THE MALFUNCTION. |
| October 30, 2011 | THE **HARNES BUCKLES WILL NOT UNLATCH AND CHILD IS STUCK IN THE SEAT.** *TR |
| November 10, 2009 | THE **CROTCH BUCKLE HAS GOTTEN STUCK TO WHERE I CAN NOT GET THE HARNESS OPEN WHILE MY CHILD IS IN THE SEAT.** THIS PROBLEM DOES NOT HAPPEN EVERY USE BUT HAS OCCASIONALLY HAPPENED SINCE I PURCHASED THE SEAT IN 2009. I CALLED GRACO AND THEY ASKED ME TO MAIL THEM BACK THE SEAT, SINCE THIS IS NOT A REPLACEABLE PART, AND THEY WILL INSPECT IT TO SEE IF THERE IS A |

| Date of Incident | Summary |
|---|---|
| | DEFECT. *KB |
| February 17, 2011 | NOTHING THAT I AM AWARE OF HAS CAUSED THIS PROBLEM WITH MY GRACO MYRIDE 65, IT HAPPENED ON ITS OWN. **THE CROTCH BUCKLE STICKS FREQUENTLY MAKING IT VERY DIFFICULT TO REMOVE MY CHILD FROM THE SEAT.** ALSO I HAVE FOUND CRACKS IN THE CROTCH BUCKLE CLIPS. GRACO HAS OFFERED TO REPLACE THE ENTIRE SEAT FOR ME FREE OF CHARGE. *TR |
| November 16, 2010 | THE **CROTCH BUCKLE ON THE GRACO MYRIDE 65 CAR SEAT STICKS** WHEN TRYING TO PUSH DOWN THE RED RELEASE BUTTON TO GET A CHILD OUT OF THE SEAT. THIS COULD BE A **POTENTIALLY LIFE THREATENING PROBLEM IF THE BUCKLE STICKS WHILE A CAR IS ON FIRE OR IN THE WATER.** THE PROBLEM HAS BEEN REPORTED TO GRACO WHO HAVE YET TO DO ANYTHING ABOUT IT. *TR |
| October 17, 2010 | HAVING A PROBLEM WITH BUCKLES OF A CHILDS CAR SEAT. NAME GRACO-NAUTILUS JULIA MODEL # 1769849 MANUFACTURED 03/2010. **THE BUCKLES ARE HARD TO UNBUCKLE** BOTH THE TOP AND BOTTOM ONES ON THE BABY. HARD TO REMOVE BABY FROM SEAT IF THERE WAS A FIRE OR ACCIDENT. COST $179.00. CURRENTLY USING |

| Date of Incident | Summary |
|---|---|
| | THE TOP BUCKLES ONLY SINCE THE BOTTOM ONES ARE THE HARDEST TO UNDO. *TR |
| September 1, 2012 | THE GRACO NAUTILUS CAR SEAT **DOESN'T UNLATCH PROPERLY FROM THE HARNESS BUCKLE.** THE ONE IN MY HUSBAND'S CAR YOU HAVE TO PUSH EXTREMELY HARD AND TUG ON THE HARNESS SEVERAL TIMES TO RELEASE FROM THE HARNESS BUCKLE. THE SAME MAKE/MODEL IN MY CAR, **THE LEFT CLIP IN THE HARNESS BUCKLE WILL NOT RELEASE AT ALL.** I HAD TO HAVE MY CHILD CRAWL OUT OF THE STRAPS TO GET OUT OF HIS CAR SEAT. **IF WE WERE IN AN ACCIDENT AND/OR THE CAR CAUGHT FIRE, I WOULD NEED SCISSORS TO PRY MY CHILD'S RESTRAINTS OFF OF HIM.** IF I DID NOT HAVE SCISSORS, IT MAKES ME SICK TO THINK WHAT COULD HAVE HAPPENED IN THIS SITUATION. THERE IS A GREAT CHANCE MY CHILD WOULD NOT HAVE MADE IT OUT OF THE VEHICLE ALIVE. I AM FURIOUS THAT THE CAR SEAT ISN'T EVEN 3 YEARS OLD AND SHOULD HAVE LASTED THE DURATION OF HIM NEEDED THE BOOSTER, BUT NOW IT IS USELESS AS A CHILD RESTRAINT AND I HAD TO BUY A NEW ONE. WHAT A WASTE OF MONEY!! *TR |
| November 17, | WE BOUGHT A BRAND NEW GRACO MYRIDE65 IN |

| Date of Incident | Summary |
|---|---|
| 2010 | JAN 2010. AFTER ABOUT 2 WEEKS WE STARTED TO REALLY NOTICE THE **CROTCH BUCKLE WOULD CATCH ON SOMETHING AND MAKE IT VERY DIFFICULT TO TAKE OUR CHILD OUT OF THE SEAT.** IT HAS GOTTEN WORSE WITH TIME AND IS NOW TO THE POINT WHERE IVE BEEN CLOSE TO CUTTING THE STRAP TO GET MY DAUGHTER OUT. IT STARTED HAPPENING JUST EVERY SO OFTEN, AND NOW HAPPENS JUST ABOUT EVERY TIME WE USE THE SEAT. I HAVE TRIED RINSING THE BUCKLE AND THE METAL PIECE WITH WARM SOAPY WATER AND THIS DOES NOTHING. I HAVE NOT CONTACTED GRACO YET TO SEE IF THEY WILL REPLACE THE BUCKLE. THAT IS SOMETHING I PLAN TO DO TODAY(11/17/10). *TR |
| September 26, 2012 | GRACO NAUTILUS HARNESSED BOOSTER SEAT/MANUFACTURE DATE 12/11, PURCHASE DATE 4/12 THE **HARNESS BUCKLE ON THIS SEAT BECOMES STUCK AND IT IS VERY DIFFICULT TO DISENGAGE THE BUCKLE IN ORDER TO REMOVE THE CHILD** FROM THE SEAT. IT **HAS TAKEN UPWARDS TO 10 MINUTES TO UNBUCKLE** THE CHILD. I AM CONCERNED THAT IF THERE WERE AN ACCIDENT OR AN EMERGENCY, THAT IT WOULD BE VERY |

CLASS ACTION COMPLAINT

| Date of Incident | Summary |
|---|---|
| | DIFFICULT TO REMOVE CHILD FROM THE CAR. I CONTACTED THE COMPANY AND THEY ARE SENDING A REPLACE HARNESS/BELT SYSTEM. HOPEFULLY THIS WILL CORRECT THE PROBLEM. *TR |
| September 10, 2012 | ON THE BOTTOM BUCKLE OF OUR MY RIDE 65 (DATE OF MANUFACTURER 12/11) **STARTED TO STICK**, NOW ALLOWING THE ACTUAL BUCKLE TO BE UNDONE AND LET THE CHILD OUT OF THE SEAT. I CALLED GRACO ON 10/3 AND THEY LET ME KNOW THEY COULDN'T REPLACE THE BUCKLE RIGHT AWAY BUT WERE WILLING TO REPLACE THE ENTIRE SEAT FOR ME, UNDERSTANDING I WAS TO SHIP BACK THE OLD SEAT AND WAIT FOR THE NEW SEAT AND THAT I'D HAVE TO USE A SPARE IN THE MEANTIME. THEY ARE LUCKY I HAD A SPARE. **THIS IS THE SECOND MY RIDE I'VE OWNED WITH THE SAME BOTTOM BUCKLE PROBLEM.** THE FIRST BUCKLE THEY'VE SINCE RE-MODELED BUT THE ISSUE DOESN'T SEEM TO BE RESOLVED. *TR |

**Defendants Had Exclusive Knowledge of the Defects**

37.   Defendants had superior and exclusive knowledge of the buckle defects, and knew or should have known that the defects were not known or reasonably discoverable by Plaintiff and Class Members before they purchased the class car seats.

38.     Plaintiff is informed and believe and based thereon alleges that before Plaintiff purchased her car seat, and since at least 2009, Defendants knew about the defects through sources not available to consumers, including, but not limited to, pre-release testing data, early consumer complaints about the defects to Defendants and related retailers, testing conducted in response to those complaints, high failure rates, return and exchange data, among other internal sources of aggregate information about the problem.

39.     Indeed, Graco's response to the NHTSA investigation confirms that Graco was "keenly aware" of the unlatching issue with respect to the specific model car seats alleged herein that had the Signature Buckle design; that Graco had "a consumer dissatisfaction issue" related to the buckles; that Graco acknowledged "consumer frustration" with the buckles and was addressing the complaints through design improvements; and that Graco secretly agreed to extend the normal one year warranty coverage to an unlimited warranty on the buckle components for consumers who complained about the buckles.

40.     Moreover, while Graco's response to the NHTSA investigation attributed the  inability of the buckles to de-latch to foreign material accumulating in the buckle, Defendants' response does not redress the harm caused by the underlying design and/or manufacturing defect endemic to the Signature Buckle, other than to state that Graco is "implementing design improvements" and that Graco "has been on a path to improve the user interface of the buckles."  Additionally, reasonable consumers expect that childrens' car seats will get dirty and that even if some dirt accumulates in the latch, the buckles will open.  To the extent that Defendants contend that the buckle malfunction is due to foreign material accumulating in the buckle and consumers' failures to clean the buckle apparatus, Defendants failed to disclose, adequately or at all, material information regarding the necessary cleaning procedures for the car seats, and consumers have complained that they cannot

1    open the buckles even after cleaning the buckle mechanism.

2        41.    The existence of the buckle defects are material facts that a

3    reasonable consumer would consider when deciding whether to purchase, and/or

4    how much to pay, for the class car seats.  Had Plaintiff and Class Members

5    known that the class car seats were equipped with defective harness buckles,

6    they would not have purchased the class car seats or would have paid less for

7    them.

8        42.    Reasonable consumers, like Plaintiff, reasonably expect that a car

9    seat is safe, will function in a manner that will not pose a safety hazard, and is

10   free from defects.  Plaintiff and Class Members further reasonably expect that

11   Defendants will not sell car seats with known safety defects, such as the harness

12   buckle defects, and will disclose any such defects to its consumers when they

13   learn of them.  Plaintiff and Class Members did not expect Defendants to fail to

14   disclose the harness buckle defects to them and to continually deny the defects.

15                 **Defendants Actively Concealed the Harness Buckle Defects**

16       43.    While Defendants have been fully aware of the harness buckle

17   defects in the class car seats, they actively concealed the existence and nature of

18   the defects from Plaintiff and Class Members at the time of purchase, and

19   thereafter.  Specifically, Defendants failed to disclose or actively concealed at

20   and after the time of purchase:

21               (a)    any and all known material defects or material nonconformity

22                      of the class car seats, including the harness buckle defects

23                      described herein;

24               (b)    that the class car seats, including their "Signature Buckle,"

25                      were not in good in working order, were defective, as stated

26                      above, and were not fit for their intended purposes; and

27               (c)    that the class car seats and their "Signature Buckles" were

28                      defective, as stated above, despite the fact that Defendants

1      learned of such defects through customer complaints, the ODI

2      investigation, testing and related research data, as well as

3      through other internal sources.

4      44.    To this day, Defendants still have not notified Plaintiff or Class

5  Members that the class car seats suffer from systemic defects that cause the

6  harness buckle to malfunction.

7      45.    Defendants' unfair and deceptive business practices have caused

8  Plaintiff and other California and nationwide consumers to lose money in that

9  they purchased or paid a premium for the class car seats when they otherwise

10  would not have.  Plaintiff, on behalf of herself and all other similarly situated

11  persons, seeks actual and/or compensatory damages, restitution and equitable

12  relief, costs and expenses of litigation, attorneys' fees, and all other available

13  relief for Plaintiff and all Class Members as described below.

14                          **PLAINTIFF'S' FACTS**

15      46.    Plaintiff purchased a Graco Nautilus car set in or about November

16  2012 from a Target in San Dimas, California.  The Graco Nautilus car seat

17  Plaintiff purchased was equipped with the Signature Buckle.  Plaintiff previously

18  had purchased two other Graco Nautilus car seats with the Signature buckle and

19  experienced the problems alleged herein.  It was not until after November 2012

20  that Plaintiff noticed a pattern with the car seats' buckles in that they were

21  unreasonably difficult or impossible to unlatch.  Plaintiff eventually began

22  keeping scissors in her vehicle in case she needed to cut the straps to unloosen

23  her child from the car seat in the event of an emergency.  Ultimately Plaintiff

24  stopped using the car seat and replaced it with a different brand.

25      47.    Before purchasing the Graco Nautilus car seats, Plaintiff Howarth

26  did research about the car seats including, but not limited to, reviewing

27  information online at Defendants' website and checking the product packaging.

28  Prior to purchase, Plaintiff read and considered various information and

advertisements provided by Defendants including the statement that the 5-point, front-adjust harness was easy to use to get your baby in and out.  Based on the information and advertisements she read and considered, Plaintiff ultimately purchased the Graco Nautilus car seats.

48.    Plaintiff Howarth purchased her car seats primarily for her personal, family, or household purposes.  At all times, Plaintiff, like all Class Members, used the Graco car seats in a foreseeable manner, pursuant to instructions, and in the manner in which it was intended to be used.

49.    Had Plaintiff known that the Graco car seats she purchased were equipped with defective buckles, Plaintiff would either not have purchased the car seats or would have paid less for the car seats.

## CLASS ACTION ALLEGATIONS

50.    Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated as members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

51.    Plaintiff's proposed class and subclass consist of and are defined as follow:

> Nationwide Class: All persons who purchased a Graco car seat, manufactured between January 1, 2009 and October 2012, equipped with the "Signature Buckle" ("Class").

> California Subclass:   All California residents who purchased a Graco car seat, manufactured between January 1, 2009, and October 2012, equipped with the "Signature Buckle" in California ("California Subclass").

52.    Excluded from the Class and California Subclass are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and

1  successors; (2) the Judge to whom this case is assigned and the Judge's staff; and

2  (3) those persons who have suffered personal injuries as a result of the facts

3  alleged herein.

4       53.    Plaintiff reserves the right to redefine the Class and California

5  Subclass and to add subclasses as appropriate based on discovery and specific

6  theories of liability.

7       54.    Members of the Class and Subclass will be referred to hereinafter as

8  "Class Members."

9       55.    Numerosity:  The Class Members are so numerous that joinder of all

10  members would be unfeasible and impractical.  The membership of the entire

11  Class and California Subclass is unknown to Plaintiff at this time; however,

12  given that, on information and belief, Defendants sold over 3 million car seats

13  with the Signature Buckles nationwide during the Class Period, it is reasonable

14  to presume that the members of the Classes are so numerous that joinder of all

15  members is impracticable.  The disposition of their claims in a class action will

16  provide substantial benefits to the parties and the Court.

17       56.    Commonality:  There are common questions of law and fact as to

18  Class Members that predominate over questions affecting only individual

19  members, including, but not limited to:

20            (a)    Whether the class car seats suffer from defects relating to the

21                   Signature Buckle;

22            (b)    Whether the defects relating to the Signature Buckle

23                   constitute an unreasonable safety risk;

24            (c)    Whether Defendants know about the defects relating to the

25                   Signature Buckle and, if so, how long Defendants have known

26                   of the defect;

27            (d)    Whether the defective nature of the Signature Buckle

28                   constitutes a material fact;

(e) Whether Defendants have a duty to disclose the defective nature of the Signature Buckle to Plaintiff and Class Members;

(f) Whether Plaintiff and the other Class Members are entitled to equitable relief, including but not limited to a preliminary and/or permanent injunction;

(g) Whether Defendants knew or reasonably should have known of the defects relating to the Signature Buckle before Defendants sold the class car seats to Plaintiff and Class Members;

(h) Whether Defendants breached express warranties relating to the class car seats;

(i) Whether Defendants breached the implied warranty of merchantability pursuant to the Song-Beverly Act, UCC or Magnuson-Moss Warranty Act;

(j) Whether Defendants made false, untrue, and/or misleading statements regarding the class car seats;

(k) Whether Defendants engaged in a violation of the California Consumers Legal Remedies Act;

(l) Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(m) The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

57. Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom she is similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' as

1    demonstrated herein.

2        58.    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately

3    protect the interests of each Class Member with whom she is similarly situated,

4    as demonstrated herein.  Plaintiff acknowledges that she has an obligation to

5    make known to the Court any relationship, conflicts, or differences with any

6    Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in

7    the rules governing class action discovery, certification, and settlement.  Plaintiff

8    has incurred, and throughout the duration of this action, will continue to incur

9    costs and attorneys' fees that has been, are and will be necessarily expended for

10   the prosecution of this action for the substantial benefit of each Class Member.

11       59.    Predominance:  Questions of law or fact common to the Class

12   Members predominate over any questions affecting only individual members of

13   the class.  The elements of the legal claims brought by Plaintiff and the Class are

14   capable of proof at trial through evidence that is common to the class rather than

15   individual to its members.

16       60.    Superiority:  Plaintiff and the Class Members have all suffered and

17   will continue to suffer harm and damages as a result of Defendants' unlawful and

18   wrongful conduct.  A class action is superior to other available methods for the

19   fair and efficient adjudication of the controversy.  Absent a class action, most

20   Class Members would likely find the cost of litigating their claims prohibitively

21   high and would therefore have no effective remedy at law.  Because of the

22   relatively small size of the individual Class Members' claims, it is likely that

23   only a few Class Members could afford to seek legal redress for Defendants'

24   misconduct.  Absent a class action, Class Members will continue to incur

25   damages, and Defendants' misconduct will continue without remedy.  Class

26   treatment of common questions of law and fact would also be a superior method

27   to multiple individual actions or piecemeal litigation in that class treatment will

28   conserve the resources of the courts and the litigants and will promote

1    consistency and efficiency of adjudication.

2        61.    The Class may also be certified because:

3            a.    the prosecution of separate actions by individual Class

4                  Members would create a risk of inconsistent or varying

5                  adjudication with respect to individual Class Members, which

6                  would establish incompatible standards of conduct for

7                  Defendants;

8            b.    the prosecution of separate actions by individual Class

9                  Members would create a risk of adjudications with respect to

10                 them that would, as a practical matter, be dispositive of the

11                 interests of other Class Members not parties to the

12                 adjudications, or substantially impair or impede their ability

13                 to protect their interests; and

14           c.    Defendants have acted or refused to act on grounds generally

15                 applicable to the Class, thereby making appropriate final and

16                 injunctive relief with respect to the members of the Class as a

17                 whole.

18                        **TOLLING OF THE STATUTE OF LIMITATIONS**

19       62.    Because the defect is undetectable until it manifests, Plaintiff and

20   Class Members were not reasonably able to discover the problem until after

21   purchasing the class car seats, despite exercise of due diligence.

22       63.    Plaintiff and the Class Members had no realistic ability to discern

23   that the Signature Buckle on the class car seats were defective.  Therefore, the

24   discovery rule is applicable to the claims asserted by Plaintiff and the Class

25   Members.

26       64.    Plaintiff is informed and believes and based thereon alleges that

27   Defendants have known of the defect since at least 2009 and have concealed

28   from or failed to alert owners of the class car seats of the defective nature of the

1   Signature Buckle.  It was only in October 2012 that NTHSA began investigating

2   the defect.  Further, it was only after November 2012 that Plaintiff began

3   noticing a pattern with the Graco Nautilus car seats in that the car seat buckles

4   were unreasonably difficult or impossible to unlatch.

5       65.    Any applicable statute of limitation has therefore been tolled by

6   Defendants' knowledge, active concealment, and denial of the facts alleged

7   herein.  Defendants are further estopped from relying on any statute of limitation

8   because of its concealment of the defective nature of the class car seats'

9   Signature Buckles.

**FIRST CAUSE OF ACTION**

**(Violation of the California False Advertising Act, Business & Professions**

**Code §§ 17500, *et seq*.)**

13      66.    Plaintiff hereby incorporates by reference the allegations contained

14  in the preceding paragraphs of this Complaint.

15      67.    California Business and Professions Code § 17500 states "[i]t is

16  unlawful for any person, firm, corporation or association, or any employee

17  thereof with intent directly or indirectly to dispose of real or personal property or

18  to perform services, professional or otherwise, or anything of any nature

19  whatsoever or to induce the public to enter into any obligation relating thereto, to

20  make or disseminate or cause to be made or disseminated before the public in

21  this state, or to make or disseminate or cause to be made or disseminated from

22  this state before the public in any state, in any newspaper or other publication, or

23  any advertising device, or by public outcry or proclamation, or in any other

24  manner or means whatever, including over the Internet, any statement,

25  concerning that real or personal property or those services, professional or

26  otherwise, or concerning any circumstance or matter of fact connected with the

27  proposed performance or disposition thereof, which is untrue or misleading, and

28  which is known, or which by the exercise of reasonable care should be known, to

1   be untrue or misleading…"

2        68.    Defendants made false, untrue, and/or misleading statements or

3   omissions of fact in connection with the advertisement of the class car seats

4   including that they were fit for their ordinary purpose, were free from defects,

5   and that the "5-point, front-adjust harness helps you get baby in and out."

6   Moreover, Defendants failed to state and concealed the fact that the class car

7   seats were defective as set forth herein.

8        69.    Defendants knew, or by the exercise of reasonable care should have

9   known, that their class car seats were not fit for their ordinary purpose, were not

10  free from defects and would not operate as intended.

11       70.    As a result of Defendants' false, untrue and/or misleading

12  statements and omissions, Plaintiff and Class Members have lost money through

13  the purchase of the class car seats when they would otherwise not have

14  purchased the product or would have paid less for the products.

15       71.    Pursuant to California Business & Professions Code section 17535,

16  Plaintiff seeks an injunction requiring Defendants to cease making these false,

17  untrue, and misleading statements, to engage in a corrective advertising

18  campaign, and to restore all monies obtained through the sales of the class car

19  seats.

20                      **SECOND CAUSE OF ACTION**

21             **Violation of the Consumers Legal Remedies Act**

22                 **(Cal. Civil Code § 1750, *et seq.*)**

23       72.    Plaintiff hereby incorporates by reference the allegations contained

24  in the preceding paragraphs of this Complaint.

25       73.    This cause of action is brought pursuant to the Consumers Legal

26  Remedies Act, California Civil Code §§ 1750, *et seq.* ("CLRA").

27       74.    The CLRA has adopted a comprehensive statutory scheme

28  prohibiting various deceptive practices in connection with the conduct of a

business providing goods, property, or services to consumers primarily for personal, family, or household purposes.

75.   Defendants are "persons" as defined by Civil Code section 1761(c) because they are corporations.

76.   Plaintiff and Class Members are "consumers" within the meaning of Civil Code section 1761(d) because they are individuals who purchased one or more of the class car seats from Defendants for personal and/or household use.

77.   Defendants' class car seats are "products" within the meaning of California Civil Code § 1761 (a) in that they are tangible chattels bought for personal, family, and/or household purposes.

78.   Plaintiff and Class Members' payments for the class car seats are "transaction[s]" as defined by Civil Code section 1761 (e), because Plaintiff and Class Members paid monies in exchange for said products.

79.   Plaintiff has standing to pursue this claim as they have suffered an injury in fact and has lost money as a result of Defendants' actions as set forth herein.  Specifically, Plaintiff purchased one or more of the class car seats when she otherwise would not have purchased or would have paid less for the product had she known the class car seats were defective.

80.   Plaintiff and Class Members reviewed, believed, and relied upon the omissions of fact and misstatements made by Defendants, as explained more fully above, in deciding whether to purchase or pay a premium for the class car seats.

81.   As set forth above, Defendants violated and continue to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) by:

(a)   Violating section (5) by representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have.  More

specifically, Defendants omitted material facts about the class

car seats and/or advertised and stated that their class car seats

had characteristics, uses, and/or benefits which included the

ability to buckle and unbuckle children in the car seat in a

reasonable manner, that the class car seats were free from

defects and fit for their ordinary purpose, and that the class

car seats and their Signature Buckle "helps you get baby in

and out" when in fact Defendants knew, or should have

known that the class car seats were defective and thus did not

have those characteristics, uses, and/or benefits;

    (b)    Violating section (7) by representing that goods or services

are of a particular standard, quality, or grade, or that goods

are of a particular style or model, if they are of another.  More

specifically, Defendants omitted material facts about the class

car seats and/or advertised and stated that their class car seats

included the ability to buckle and unbuckle children in the car

seat in a reasonable manner, that the class car seats were free

from defects and fit for their ordinary purpose, and that the

class car seats and their Signature Buckle "helps you get baby

in and out" when in fact Defendants knew, or should have

known that the class car seats were defective and thus were

not of that standard, quality, or grade; and

    (c)    Violating section (9) by advertising goods or services with the

intent not to sell them as advertised.  More specifically,

Defendants omitted material facts about the class car seats

and/or advertised that their class car seats included the ability

to buckle and unbuckle children in the car seat in a reasonable

manner, that the class car seats were free from defects and fit

CLASS ACTION COMPLAINT

for their ordinary purpose, and that the class car seats and their Signature Buckle "helps you get baby in and out" when in fact Defendants knew, or should have known that the class car seats were defective and thus were not sold as advertised.

82.     On April 24, 2013, pursuant to § 1782 of the CRLA, Plaintiff notified Defendants in writing of the particular violations of § 1770 of the CLRA and demanded that Defendants rectify the problems associated with the behavior detailed above, which acts and practices are in violation of Civil Code § 1770. True and correct copies of the letters are attached hereto as Exhibit B.

83.     Defendants failed adequately to respond to Plaintiff's above-described demands and failed to give notice to all affected consumers, pursuant to Civil Code § 1782.

84.     Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code section 1780(d).

85.     Plaintiff seeks an order enjoining the act and practices described above, restitution of property, and any other relief that the court deems proper.

86.     Currently, Plaintiff only seeks equitable and injunctive relief through the CLRA.  Upon Defendants' failure to rectify or agree to adequately rectify the problems associated with the actions detailed above, Plaintiff will amend her complaint to additionally seek damages, restitution, punitive damages, attorneys' fees and costs, and any other relief available under § 1780(a) of the CRLA.

## THIRD CAUSE OF ACTION

## (Breach of Implied Warranty, Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792 and 1791.1, *et seq.*)

87.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

88.     Defendants are, and at all relevant time were, merchants engaged in

the business of selling, among other things, the class car seats.

89.     Plaintiff and Class Members purchased the class car seats.

90.     Defendants, as the designers, manufacturers, distributers, and sellers of class car sets warranted, both expressly and impliedly, as set forth more fully above, that the class car seats would, among other things, permit the buckling and unbuckling of children from their car seats, would perform as intended, were free from defects, were fit for their ordinary purpose, and that the class car seats and their Signature Buckle "helps you get baby in and out."

91.     Defendants breached the duty of implied warranty by selling the class car seats in a manner that did not conform to the promises or affirmations of fact made by Defendants, set forth above, including those made on the labeling and packaging, because they were defective.

92.     As a direct and proximate result of Defendants' breach, Plaintiff and Class Members have been damaged in an amount to be proven at trial.  The damages suffered by Plaintiff and Class Members include, but are not limited to, the monies paid to Defendants for the class car seats.

**FOURTH CAUSE OF ACTION**

**(For Breach of Express Warranty Under Cal. Comm. Code § 2313)**

93.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

94.     Defendants, through advertising, represented, warranted and promised that class car seats would, among other things, permit the buckling and unbuckling of children from their car seats, would perform as intended, were free from defects, were fit for their ordinary purpose, and that the class car seats and their Signature Buckle "helps you get baby in and out."

95.     Defendants' promotional statements, advertisements, representations, and demonstrations regarding the class car seats became part of the basis of the bargain between Plaintiff and Class Members and Defendants,

creating express warranties that the class car seats would conform to the representations set forth in this complaint.

96.   Defendants breached their express warranties by selling the class car seats because they are defective, do not unlatch with reasonable effort, do not unlatch at all in some instances, and did not perform as promised.

97.   Plaintiff was not required to notify Defendants of the breach and/or was not required to do so because affording Defendants a reasonable opportunity to cure its breach of written warranty would have been futile.  Defendants were also on notice of the defect from ODI investigation, the complaints and service requests it received from Class Members, and through other internal sources.

98.   As a direct and proximate result of Defendants' breach, Plaintiff and Class Members have been damaged in an amount to be proven at trial.  The damages suffered by Plaintiff and Class Members include, but are not limited to, the monies paid to Defendants for products which do not conform to the express warranties made by Defendants.

99.   Plaintiff and the other Class Members are entitled to legal and equitable relief against Defendants, including actual damages, consequential damages, specific performance, attorneys' fees, costs of suit, and other relief as appropriate.

## FIFTH CAUSE OF ACTION

### (Breach of the Implied Warranty of Merchantability Under UCC)

100.  Plaintiff incorporates by reference each proceeding and succeeding paragraph as applicable as though fully set forth at length herein.

101.  Defendants are "merchants" as defined under the Uniform Commercial Code ("UCC") as adopted in California and nationally.

102.  The class car seats are "goods" as defined under the UCC.

103.  Defendants impliedly warranted that the class car seats were of a merchantable quality.

104.   Defendants breached the implied warranty of merchantability, as the class car seats were not of a merchantable quality at the time of sale and thereafter due to the design and/or manufacturing defects in the harness buckles and the associated problems caused by these defects.

105.   As a direct and proximate result of the breach of said warranties, Plaintiff and Class Members were injured and are entitled to relief.

106.   Defendants' warranty limitation, if any, is unenforceable because they knowingly sold a defective product without informing consumers about the defects and actively concealed the defects from Class Members in order to allow the applicable warranty period to run.

107.   The time limits contained in Defendants' warranty period, if any, were also unconscionable and inadequate to protect Plaintiff and Class Members. Among other things, Plaintiff and Class Members had no meaningful choice in determining these time limitations, the terms of which unreasonably favored Defendants.  A gross disparity in bargaining power existed between Defendants and Class Members, and Defendants knew or should have known that the class car seats were defective at the time of sale.

108.   Plaintiff and Class Members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendants' conduct described herein.

### SIXTH CAUSE OF ACTION

### (Breach of Implied Warranty Pursuant to Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*)

109.   Plaintiff incorporates by reference each proceeding and succeeding paragraph as applicable as though fully set forth at length herein.

110.   Plaintiff and Class Members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

111.   Defendants are "suppliers" and "warrantors" within the meaning of

1   15 U.S.C. § 2301(4)-(5).

2       112.  The class car seats are "consumer products" within the meaning of

3   15 U.S.C. § 2301(1).

4       113.  Defendants impliedly warranted that the class car seats were of

5   merchantable quality and fit for such use.

6       114.  Contrary to the applicable implied warranties, the class car seats at

7   the time of sale and thereafter were not fit for their ordinary and intended

8   purpose of providing Plaintiff and the Class Members with reliable and safe

9   means to remove a child from the car seat.

10       115.  The amount in controversy of the Plaintiff's individual claim meets

11   or exceeds the sum or value of $25.  In addition, the amount in controversy

12   meets or exceeds the sum or value of $50,000 (exclusive of interests and costs)

13   computed on the basis of all claims to be determined in this suit.

14       116.  Defendants have been afforded a reasonable opportunity to cure

15   their breach of implied warranty.  Plaintiff, on her own behalf, and on behalf of

16   Class Members, has provided Defendants reasonable notice of the breach of the

17   express warranties through their CLRA letters.  Defendants have also received

18   reasonable notice of the breach through negative customer comments on

19   Defendants' website, through negative comments on various consumer websites,

20   through letters to Defendants, and through complaints via customer service, and

21   otherwise.

22                    **SEVENTH CAUSE OF ACTION**

23       **(Violation of California Bus. & Prof. Code section 17200, *et seq.*)**

24       117.  Plaintiff hereby incorporates by reference the allegations contained

25   in the preceding paragraphs of this Complaint.

26       118.  Defendants need only have violated one of the various provisions of

27   the Unfair Competition Law to be found strictly liable under this cause of action.

28       119.  Defendants' material misrepresentations, and concealment and

1    omission of material facts, as set forth above, were false, misleading, and/or

2    likely to deceive the public within the meaning of California Business and

3    Professions Code § 17200.

4         120.  Defendants' conduct constitutes an "unfair" business acts and

5    practices within the meaning of California Business and Professions Code

6    §§ 17200, *et seq.* because any utility for Defendants' conduct is outweighed by

7    the gravity of the consequences to Plaintiff and Class Members, and because

8    their conduct was injurious to consumers, offended public policy, and was

9    unethical and unscrupulous.  Defendants' sale of the class car seats to Plaintiff

10   and Class Members was an "unfair" business practice in that Plaintiff and Class

11   Members were provided a defective product which did not conform to express

12   and implied warranties given by Defendants.   Plaintiff also asserts a violation of

13   public policy by making false, untrue, and/or misleading statements, and

14   omissions of fact, to consumers.  Defendants' violation of consumer protection

15   and unfair competition laws in California and other states resulted in harm to

16   consumers.

17        121.  Defendants' conduct is also unlawful within the meaning of

18   California Business and Professions Code §§ 17200, *et seq.* in that they

19   constitute:

20          (a)    A violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*;

21          (b)    A violation of Cal. Civil Code §§ 1750, *et seq.*;

22          (c)    A violation of Cal. Civil Code §§ 1792 and 1791.1, 1791.2,

23               1793, and 1795, *et seq.*;

24          (d)    A violation of Cal. Comm. Code § 2313;

25          (e)    A breach of implied warranty of merchantability pursuant to

26               the Uniform Commercial Code, as adopted by California and

27               nationally; and

28          (f)    A violation of 15 U.S.C. § 2301.

122.   There were reasonable alternatives available to Defendants to further Defendants' legitimate business interests, other than the conduct described herein.

123.   Defendants' conduct caused and continues to cause injury to Plaintiff and the other Class Members.  Plaintiff and Class Members have suffered injury in fact and have lost money as a result of Defendants' fraudulent conduct in the form of monies paid for the class car seats.

124.   Defendants have thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief.

125.   Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendants to immediately cease such unlawful, unfair, and fraudulent business practices and require Defendants to correct their actions.

126.   Defendants' conduct, as described above, violates Cal. Bus. & Prof. Code Sec. 17200, *et seq*. and entitles Plaintiff and Class Members to restitution and injunctive relief.

127.   To this day, Defendants continue to violate the California Business and Professions Code section 17200, *et seq.*by continuing to advertise their class car seats that is likely to deceive the consuming public.

128.   As a direct and proximate cause of Defendants' violation of the California Business and Professions Code section 17200, *et seq.*, Plaintiff and Class Members have suffered injury in fact and actual damages.

129.   As a proximate result of Defendants' violation of the California Business and Professions Code section 17200, *et seq.*, Plaintiff and Class Members have suffered and will continue to suffer actual damages.

130.   As a proximate result of Defendants' violation of the California Business and Professions Code section 17200, *et seq.*, Defendants have been

unjustly enriched and should be required to make restitution to Plaintiff and Class Members or disgorge their ill-gotten profits pursuant to Business & Professions Code section 17203.

131. Pursuant to California Business & Professions Code section 17203, Plaintiff, individually and on behalf of the Class, seeks an order of this Court requiring Defendants to immediately cease such acts of unfair competition and enjoining Defendants from continuing to conduct business via the unlawful, fraudulent, or unfair business acts and practices complained of herein and from failing to fully disclose the true nature of their misrepresentations.

132. Plaintiff, on behalf of herself and all others similarly situated, further request injunctive relief in the form of restitution and disgorgement and all other relief allowed under section 17200, plus interest attorneys' fees and costs pursuant to, *inter alia*, Cal. Code of Civ. Proc. section 1021.5.

## MISCELLANEOUS

133. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

134. Plaintiff requests a trial by jury of all issues which may be tried by a jury.

## PRAYER FOR RELIEF

135. Plaintiff, on behalf of herself and the Class, request the following:

    (a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

    (b) An order certifying the undersigned counsel as Class Counsel;

    (c) A declaratory judgment that Defendants' advertising, as discussed herein, is false, untrue, unlawful, and misleading;

1        (d)   An order requiring Defendants, at their own cost, to notify all

2              Class Members of the misrepresentations and material

3              omissions discussed herein;

4        (e)   An order requiring Defendants to cease the misrepresentations

5              set forth in this complaint;

6        (f)    An order requiring Defendants to engage in corrective

7              advertising regarding the omissions set forth above;

8        (g)   Actual damages suffered by Plaintiff and Class Members or

9              full restitution of all funds acquired from Plaintiff and Class

10             Members from their purchase of the class car seats;

11       (h)   Punitive damages, as allowable, in an amount determined by

12            the Court or jury;

13       (i)    Any and all statutory enhanced damages;

14       (j)    All reasonable and necessary attorneys' fees and costs

15           provided by statute, common law, or the Court' inherent

16           power;

17      (k)   Pre- and post-judgment interest; and

18      (l)    All other relief, general or special, legal and equitable, to

19          which Plaintiff and Class Members may be justly entitled as

20          deemed by the Court.

21  Dated:  April 24, 2013         Respectfully submitted,

22                    Capstone Law APC

23                   By:

24                    Jordan L. Lurie

                        David L. Cheng

25                    Sharon Yaacobi

                        Arvin Ratanavongse

26

27                    Attorneys for Plaintiff Jackie Howarth

28

CLASS ACTION COMPLAINT

# EXHIBIT A

1   Jordan L. Lurie (SBN 130013)
2   Jordan.Lurie@capstonelawyers.com
    David L. Cheng (SBN 240926)
3   David.Cheng@capstonelawyers.com
4   Arvin Ratanavongse (SBN 257619)
    Arvin.Ratanavongse@capstonelawyers.com
5   Capstone Law APC
    1840 Century Park East, Suite 450
6   Los Angeles, California 90067
    Telephone:  (310) 556-4811
7   Facsimile:   (310) 943-0396

8   Attorneys for Plaintiffs Jackie Howarth

9

10                    UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION

12  JACKIE HOWARTH, individually,       Case No.:
    and on behalf of other members of
13  the general public similarly situated,   DECLARATION OF JACKIE
                                         HOWARTH IN SUPPORT OF VENUE
14           Plaintiff,                  FOR CLASS ACTION COMPLAINT
                                         PURSUANT TO CIVIL CODE
15           vs.                         SECTION 1780(d)

16  GRACO CHILDREN'S PRODUCTS
    INC., a Delaware corporation;
17  NEWELL RUBBERMAID INC., a
    Delaware corporation;,
18
             Defendants.
19

20

21

22

23

24

25

26

27                        Page 41
                        EXHIBIT A
28              CLASS ACTION COMPLAINT

        DECLARATION OF JACKIE HOWARTH ISO VENUE

1          I, Jackie Howarth, declare under penalty of perjury as follows:

2          1.    I make this declaration based upon my personal knowledge except

3    as to those matters stated herein that are based upon information and belief,

4    which I believe to be true.  I am over the age of eighteen, a citizen of the State of

5    California, and am a named Plaintiff in the litigation described in the caption

6    page of this declaration.

7          2.    This declaration is made pursuant to California Civil Code section

8    1780(d).

9          3.    I reside in Riverside, California which is in the County of Riverside.

10         4.    The complaint filed concurrently with this declaration contains a

11   cause of action for violation of the Consumers Legal Remedies Act against the

12   above named Defendants which advertise, manufacture, and sell the Graco car

13   seats at issue in the complaint.

14         5.    I purchased a Graco Nautilus car seat from a Target retail store

15   located in San Dimas, California, which is located in the Central District of

16   California, in or about December 2010.  The Graco Nautilus car seat I purchased

17   is equipped with the Signature Buckle at issue in this complaint in this matter.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

6.      The transaction described above form a substantial portion of this action, and occurred in the Central District of California and County of Los Angeles. To the best of my knowledge, based upon information and belief, Defendant does business in the Central District of California and Los Angeles County, California, and advertises and markets its products, including the products at issue in this complaint, in the Central District of California and Los Angeles County, California. Accordingly, this judicial district is a proper place for trial of this action.

     I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

     Executed this day of March _____26_____, 2013 in Riverside, California.

Jackie Howarth

# EXHIBIT B



1840 Century Park East, Suite 450
Los Angeles, California 90067
310.556.4811 Main | 310.943.0396 Fax

SHARON YAACOBI
310.556.4169 Direct
Sharon.Yaacabi@capstonelawyers.com

April 24, 2013

VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED

NEWELL RUBBERMAID INC.
3 Glenlake Parkway
Atlanta, GA 30328

NEWELL RUBBERMAID INC. c/o CSC
2710 Gateway Oaks Dr. Ste 150N
Sacramento, CA 95833

Subject:    *CLRA Notice Regarding False Advertising Claims Related to NEWELL Car Seats Equipped with the Signature Buckle*

NOTICE OF DEMAND FOR CORRECTIVE ACTION PURSUANT TO CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1782, FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1770

Attention NEWELL RUBBERMAID INC. ("NEWELL"):

Pursuant to California Civil Code section 1782, subsections (a) and (d), this letter notifies you that you have committed acts or practices declared unlawful under the California Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA").

The CLRA prohibits certain unfair acts or practices directed toward consumers. Specifically, section 1770(a)(5) of the CLRA prohibits anyone from "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;" section 1770(a)(7) of the CLRA prohibits anyone from "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;" and section 1770(a)(9) of the CLRA prohibits anyone from "[a]dvertising goods or services with intent not to sell them as advertised."

We write on behalf of our client Jackie Howarth and all other similarly situated persons in California who purchased any NEWELL car seat manufactured between January 1, 2009 and October 2012 that was equipped with a "Signature Buckle" (referred to herein as the "class car seats" or "the products"). NEWELL has advertised, warranted, and implied, based on the product packaging, online advertisements, and elsewhere, that the class car seats were free from defects,

fit for their ordinary purpose and that the "5-point, front-adjust harness helps you get baby in and out." *See* http://www.NEWELLbaby.com/Products/Pages/ProductDetails.aspx?ProductID=1786988, last visited January 22, 2013. However, countless consumers have complained that the class car seats and their Signature buckles are defective in that they will not unbuckle with reasonable force or will not unbuckle at all. NEWELL knew, or, by the exercise of reasonable care, should have known, but omitted to state, that the class car seats were defective and that their statements about the quality and abilities of the class car seats were untrue, deceptive, or materially misleading. NEWELL's marketing and advertising representations in connection with the sale of the class car seats, including its failure to disclose material facts, were false, untrue and misleading. Accordingly, in the advertisement and sale of the class car seats, NEWELL has violated multiple sections of the CLRA. Relying on NEWELL's misstatements, consumers such as Ms. Howarth were induced to purchase the class car seats when they otherwise would not have, or would have paid less for the product.

Specifically, NEWELL violated various sections of Civil Code section 1770 including subsection (5), by representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. More specifically, NEWELL advertised and stated that their class car seats had characteristics, uses, and/or benefits which included the ability to buckle and unbuckle a child in the car seat in a reasonable manner, that the class car seats were free from defects and fit for their ordinary purpose, and that the class car seats and their Signature Buckle "helps you get baby in and out" when in fact NEWELL knew, or should have known that the class car seats were defective and thus did not have those characteristics, uses, and/or benefits. NEWELL also violated subsection (7) by representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they were of another. More specifically, NEWELL advertised and stated that their class car seats included the ability to buckle and unbuckle a child in the car seat in a reasonable manner, that the class car seats were free from defects and fit for their ordinary purpose, and that the class car seats and their Signature Buckle "helps you get baby in and out" when in fact NEWELL knew, or should have known that the class car seats were defective and thus were not of that standard, quality, or grade. Further, NEWELL violated subsection (9) by advertising goods or services with intent not to sell them as advertised. More specifically, NEWELL advertised that their class car seats included the ability to buckle and unbuckle a child in the car seat in a reasonable manner, that the class car seats were free from defects and fit for their ordinary purpose, and that the class car seats and their Signature Buckle "helps you get baby in and out" when in fact NEWELL knew, or should have known that the class car seats were defective and thus were not sold as advertised.

In or about December 2010, Ms. Howarth purchased a NEWELL Nautilus car seat from a Target in San Dimas, California. Ms. Howarth later purchased another NEWELL Nautilus car seat on or about November 2012 following a car accident. The NEWELL Nautilus car seats she purchased are equipped with the Signature Buckle at issue in this letter. Before purchasing the NEWELL Nautilus car seats, Ms. Howarth did research about the car seats including, but not limited to, reviewing information online at NEWELL's website and by checking the product packaging. Prior to purchase, she read and considered various information and advertisements provided by NEWELL including such statements that the 5-point, front-adjust harness was easy

to use to get your baby in and out.  Based on the information and advertisements she read and considered, Ms. Howarth ultimately purchased the NEWELL Nautilus car seats.  After November 2012, Ms. Howarth noticed a pattern with the car seats she purchased in that the car seat buckles were unreasonably difficult or impossible to unlatch.  Ms. Howarth eventually began keeping scissors in her vehicle in case she needed to cut the straps in order to remove her child from the car seat in the event of an emergency.  Ultimately she stopped using the NEWELL car seats and replaced them with a different brand.  Had Ms. Howarth known that the NEWELL car seats she purchased were equipped with defective buckles, she would either not have purchased the car seats or would have paid less for the car seats.

Based on the foregoing, we hereby demand, on behalf of Ms. Howarth and similarly situated California purchasers of the class car seats, pursuant to the CLRA, Civil Code section 1782, that within 30 days of receiving this letter, NEWELL:

1.   Make full restitution to all persons who purchased a class car seat, of all monies wrongfully obtained as a result of the conduct described above, plus interest at the statutory rate of 10% per annum running from the date such amounts were due;

2.   Provide public notice to California consumers about the true abilities, limitations, and defects related to the class car seats, specifically that the Signature Buckle is defective and prone to sticking;

3.   Cease and desist from using the following advertising "5-point, front-adjust harness helps you get baby in and out" with respect to car seats using the Signature Buckle; and

4.   Provide monetary compensation, plus interest at the statutory rate of 10% per annum, running from the date such amounts were due, to all California consumers who were damaged as alleged herein.

Unless you agree to and implement the terms and conditions set forth above within 30 days of receipt of this notice and demand for corrective action, Ms. Howarth shall exercise her statutory right to assert claims for monetary damages and other relief under the CLRA, on behalf of all consumers in California that purchased a class car seat, including, but not limited to:

1.   Actual damages suffered;

2.   An order enjoining you from such methods, acts, or practices;

3.   Restitution of property (when applicable);

4.   Punitive damages;

5.   Any other relief which the court deems proper; and

6.   Court costs and attorneys' fees.

Pursuant to California Civil Code section 1782, subdivision (a)(2), this notice has been sent by certified mail, return receipt requested, to NEWELL's agent for service of process in California, and NEWELL's principal place of business.

Thank you for your attention to this matter.  If you have any questions, please contact me at the phone number or address below:


Sharon Yaacobi
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, CA 90067
(310) 556-4811


Best Regards,

Sharon Yaacobi



CAPSTONE
LAW APC

1840 Century Park East, Suite 450
Los Angeles, California 90067
310.556.4811 Main | 310.943.0396 Fax

SHARON YAACOBI
310.556.4169 Direct
Sharon.Yaacobi@capstonelawyers.com

April 24, 2013

VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED

GRACO CHILDREN'S PRODUCTS INC.
3 Glenlake Parkway
Atlanta, GA 30328

GRACO CHILDREN'S PRODUCTS INC. c/o CSC
2710 Gateway Oaks Dr. Ste 150N
Sacramento, CA 95833

Subject:    *CLRA Notice Regarding False Advertising Claims Related to Graco Car Seats Equipped with the Signature Buckle*

NOTICE OF DEMAND FOR CORRECTIVE ACTION PURSUANT TO CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1782, FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1770

Attention GRACO CHILDREN'S PRODUCTS INC. ("GRACO"):

Pursuant to California Civil Code section 1782, subsections (a) and (d), this letter notifies you that you have committed acts or practices declared unlawful under the California Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA").

The CLRA prohibits certain unfair acts or practices directed toward consumers. Specifically, section 1770(a)(5) of the CLRA prohibits anyone from "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;" section 1770(a)(7) of the CLRA prohibits anyone from "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;" and section 1770(a)(9) of the CLRA prohibits anyone from "[a]dvertising goods or services with intent not to sell them as advertised."

We write on behalf of our client Jackie Howarth and all other similarly situated persons in California who purchased any Graco car seat manufactured between January 1, 2009 and October 2012 that was equipped with a "Signature Buckle" (referred to herein as the "class car seats" or "the products"). GRACO has advertised, warranted, and implied, based on the product

Page 49
EXHIBIT B
CLASS ACTION COMPLAINT

packaging, online advertisements, and elsewhere, that the class car seats were free from defects, fit for their ordinary purpose and that the "5-point, front-adjust harness helps you get baby in and out." *See* http://www.gracobaby.com/Products/Pages/ProductDetails.aspx?ProductID=1786988, last visited January 22, 2013.  However, countless consumers have complained that the class car seats and their Signature buckles are defective in that they will not unbuckle with reasonable force or will not unbuckle at all.  GRACO knew, or, by the exercise of reasonable care, should have known, but omitted to state, that the class car seats were defective and that their statements about the quality and abilities of the class car seats were untrue, deceptive, or materially misleading.  GRACO's marketing and advertising representations in connection with the sale of the class car seats, including its failure to disclose material facts, were false, untrue and misleading.  Accordingly, in the advertisement and sale of the class car seats, GRACO has violated multiple sections of the CLRA.  Relying on GRACO's misstatements, consumers such as Ms. Howarth were induced to purchase the class car seats when they otherwise would not have, or would have paid less for the product.

Specifically, GRACO violated various sections of Civil Code section 1770 including subsection (5), by representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have.  More specifically, GRACO advertised and stated that their class car seats had characteristics, uses, and/or benefits which included the ability to buckle and unbuckle a child in the car seat in a reasonable manner, that the class car seats were free from defects and fit for their ordinary purpose, and that the class car seats and their Signature Buckle "helps you get baby in and out" when in fact GRACO knew, or should have known that the class car seats were defective and thus did not have those characteristics, uses, and/or benefits.  GRACO also violated subsection (7) by representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they were of another.  More specifically, GRACO advertised and stated that their class car seats included the ability to buckle and unbuckle a child in the car seat in a reasonable manner, that the class car seats were free from defects and fit for their ordinary purpose, and that the class car seats and their Signature Buckle "helps you get baby in and out" when in fact GRACO knew, or should have known that the class car seats were defective and thus were not of that standard, quality, or grade.  Further, GRACO violated subsection (9) by advertising goods or services with intent not to sell them as advertised.  More specifically, GRACO advertised that their class car seats included the ability to buckle and unbuckle a child in the car seat in a reasonable manner, that the class car seats were free from defects and fit for their ordinary purpose, and that the class car seats and their Signature Buckle "helps you get baby in and out" when in fact GRACO knew, or should have known that the class car seats were defective and thus were not sold as advertised.

In or about December 2010, Ms. Howarth purchased a NEWELL RUBBERMAID INC. ("NEWELL") Nautilus car seat from a Target in San Dimas, California.  Ms. Howarth later purchased another NEWELL Nautilus car seat on or about November 2012 following a car accident.  The NEWELL Nautilus car seats she purchased are equipped with the Signature Buckle at issue in this letter.  Before purchasing the NEWELL Nautilus car seats, Ms. Howarth did research about the car seats including, but not limited to, reviewing information online at NEWELL's website and by checking the product packaging.  Prior to purchase, she read and considered various information and advertisements provided by NEWELL including such statements that the 5-point, front-adjust harness was easy to use to get your baby in and out.

Based on the information and advertisements she read and considered, Ms. Howarth ultimately purchased the NEWELL Nautilus car seats.  After November 2012, Ms. Howarth noticed a pattern with the car seats she purchased in that the car seat buckles were unreasonably difficult or impossible to unlatch.  Ms. Howarth eventually began keeping scissors in her vehicle in case she needed to cut the straps in order to remove her child from the car seat in the event of an emergency.  Ultimately she stopped using the NEWELL car seats and replaced them with a different brand.  Had Ms. Howarth known that the NEWELL car seats she purchased were equipped with defective buckles, she would either not have purchased the car seats or would have paid less for the car seats.

Based on the foregoing, we hereby demand, on behalf of Ms. Howarth and similarly situated California purchasers of the class car seats, pursuant to the CLRA, Civil Code section 1782, that within 30 days of receiving this letter, GRACO:

1.   Make full restitution to all persons who purchased a class car seat, of all monies wrongfully obtained as a result of the conduct described above, plus interest at the statutory rate of 10% per annum running from the date such amounts were due;

2.   Provide public notice to California consumers about the true abilities, limitations, and defects related to the class car seats, specifically that the Signature Buckle is defective and prone to sticking;

3.   Cease and desist from using the following advertising "5-point, front-adjust harness helps you get baby in and out" with respect to car seats using the Signature Buckle; and

4.   Provide monetary compensation, plus interest at the statutory rate of 10% per annum, running from the date such amounts were due, to all California consumers who were damaged as alleged herein.

Unless you agree to and implement the terms and conditions set forth above within 30 days of receipt of this notice and demand for corrective action, Ms. Howarth shall exercise her statutory right to assert claims for monetary damages and other relief under the CLRA, on behalf of all consumers in California that purchased a class car seat, including, but not limited to:

1.   Actual damages suffered;

2.   An order enjoining you from such methods, acts, or practices;

3.   Restitution of property (when applicable);

4.   Punitive damages;

5.   Any other relief which the court deems proper; and

6.   Court costs and attorneys' fees.

Pursuant to California Civil Code section 1782, subdivision (a)(2), this notice has been sent by certified mail, return receipt requested, to GRACO's agent for service of process in California, and to GRACO's principal place of business.

Thank you for your attention to this matter.  If you have any questions, please contact me at the phone number or address below:

> Sharon Yaacobi
> Capstone Law APC
> 1840 Century Park East, Suite 450
> Los Angeles, CA 90067
> (310) 556-4811

Best Regards,

Sharon Yaacobi

AO 440 (Rev. 12/09) Summons in a Civil Action

**BY FAX**

# UNITED STATES DISTRICT COURT
### for the

### Central District of California

JACKIE HOWARTH, individually, and on behalf of other
members of the general public similarly situated,

        *Plaintiff*

        v.

GRACO CHILDREN'S PRODUCTS INC., a Delaware corporation;
NEWELL RUBBERMAID INC., a Delaware corporation,

        *Defendant*

)
)
)
)
)
)
)
)
)
)

Civil Action No.  **ED CV 13 - 00754 SJO SPX**

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  GRACO CHILDREN'S PRODUCTS INC., a Delaware corporation
                               3 Glenlake Pkwy.
                               Atlanta, GA 30328

        A lawsuit has been filed against you.

        Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:    Jordan L. Lurie
                                 Capstone Law APC
                                 1840 Century Park East, Suite 450
                                 Los Angeles, California 90067

        If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

**TERRY NAFISI**

*CLERK OF COURT*

Date: _APR 2 4 20___                         _____

                                     **L. MURRAY**
                            *Signature of Clerk or Deputy Clerk*

(1134)

AO 440 (Rev. 12/09) Summons in a Civil Action

**BY FAX**

# UNITED STATES DISTRICT COURT
for the

Central District of California

JACKIE HOWARTH, individually, and on behalf of other
members of the general public similarly situated,

*Plaintiff*

v.

GRACO CHILDREN'S PRODUCTS INC., a Delaware corporation;
NEWELL RUBBERMAID INC., a Delaware corporation,

*Defendant*

)
)
)
)
)
)
)
)
)
)

**ED CV** Civil Action No. **00754** **SJO** **SPx**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Jordan L. Lurie
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**
*CLERK OF COURT*

APR 2 4 2013

Date: _____

**L. MURRAY**

*Signature of Clerk or Deputy Clerk*

(1134)

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | | |
|---|---|---|
| JACKIE HOWARTH, individually, and on behalf of other members of the general public similarly situated, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   13 - CV - 00754   SJO SPx |
| GRACO CHILDREN'S PRODUCTS INC., a Delaware corporation, NEWELL RUBBERMAID INC., a Delaware corporation, | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   NEWELL RUBBERMAID INC., a Delaware corporation
3 Glenlake Pkwy.
Atlanta, GA 30328

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Jordan L. Lurie
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**

*CLERK OF COURT*
**L. MURRAY**

Date:   APR 24 20[ ]                    _____
*Signature of Clerk or Deputy Clerk*

(1134)

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

JACKIE HOWARTH, individually, and on behalf of other members of the general public similarly situated,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

GRACO CHILDREN'S PRODUCTS INC., a Delaware corporation; NEWELL RUBBERMAID INC., a Delaware corporation.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

David L. Cheng of Capstone Law APC, 1840 Century Park East, Suite 450, Los Angeles, California 90067, Tel: (310) 556-4811

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No     ☒ **MONEY DEMANDED IN COMPLAINT: $** >5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332(d); Class action for violation of consumer protection statutes.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:   ED CV 13 - 00754 SJO SPx

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

APR 24 2013

CV-71 (02/13)          CIVIL COVER SHEET          Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Graco Children's Products, Inc. - Georgia<br>Newell Rubbermaid, Inc. - Georgia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note**: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _~signature~_     DATE: 4/24/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |